IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **ELIZABETH RODRIGUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 1:15-CV-181-P-BL** |
| | § | |
| | § | |
| **STAN PARKER,** *et al.*, | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Defendant Marc Thomas's ("Thomas") Motion for Summary Judgment, filed November 16, 2015. (Doc. 20). After considering this motion and the applicable law, the Court recommends that the motion be granted.

## I.    BACKGROUND

Rodriguez filed suit against Defendants Marc Thomas, Stan Parker, and Howard County, Texas ("Thomas," "Parker," and "Howard County," collectively "Defendants") on September 25, 2015, pursuant to 42 U.S.C. §§ 1983 and 1985. Rodriguez claims that she sustained injuries from the excessive use of force during an "unlawful arrest" and "false imprisonment" outside of Coahoma Elementary School on or about November 7, 2013. (Doc. 28, p. 1-2). Thomas is a Howard County Sheriff's Deputy, and Parker is the Howard County Sheriff. (Doc. 1, p. 1).

On October 1, 2015, Rodriguez amended her complaint to include Defendant Charlotte Stovall, the school principal at Coahoma Elementary School. (Doc. 8, p. 1). Rodriguez alleges causes of action against Stovall under 42 U.S.C. §§ 1983 and 1985 as well. (Doc. 8, p. 7). On November 5, 2015, Parker moved to dismiss Rodriguez's claims against him under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (Doc. 15). On the next day, Stovall also moved to dismiss Rodriguez's claims against her citing the same rule as well as several immunity statutes. (Doc.

16). On November 16, 2015, Thomas moved for summary judgment regarding Rodriguez's claims against him as the arresting deputy. (Doc. 20). The gravamen of Thomas's motion is that he was not the deputy that arrested Rodriguez on the date in question. Thomas included a sworn affidavit and a Texas Department of Public Safety report indicating that he had no involvement with Rodriguez on that date. (Doc. 20).

As a result, Rodriguez filed her second amended complaint on December 17, 2015, naming Howard County Deputy Matt Wynn as a defendant. (Doc. 28). Rodriguez's second amended complaint acknowledges her error in naming Thomas as a defendant and seeks to replace him with Wynn. (Doc. 28, p. 2). This Court granted Rodriguez's motion to amend her complaint to add Wynn. (Doc. 39).

The Court will now address Thomas's motion for summary judgment.

## II.   LEGAL STANDARD

A motion for summary judgment permits a court to resolve a lawsuit without conducting a trial if the court determines (1) there is no genuine dispute as to any material facts, and (2) the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *see also Crawford-El* v. *Britton*, 523 U.S. 574, 600 (1998) ("[S]ummary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial."). A fact is "material" if it might affect the outcome of the suit under the governing law. *Liberty Lobby*, 477 U.S. at 248. A dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 250. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

'genuine issue for trial.'" *Scott* v. *Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (footnote omitted)).

The party moving for summary judgment must first demonstrate "that there is an absence of evidence to support the nonmoving party's cause." *Celotex Corp.* v. *Garrett*, 477 U.S. 317, 325 (1986). The moving party satisfies this requirement by either (1) submitting evidentiary documents that negate the existence of some material element of the non-moving party's claim, or (2) merely pointing out the absence of evidence to support the non-moving party's claim, if the non-moving party will bear the burden of proof on that claim at trial. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Once the moving party satisfies this initial requirement, the burden shifts to the non-moving party to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party supported his motion with evidence, the non-moving party cannot simply rely on conclusory legal allegations but must present affirmative evidence in order to defeat the motion for summary judgment. *Liberty Lobby*, 477 U.S. at 248-255; *see also Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

Although a district court must consider the summary judgment evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, "the nonmoving party may not rest on the mere allegations or denials of her pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)). In drawing all justifiable inferences in favor of the nonmovant, a

court "must distinguish between evidence of disputed facts and disputed matters of professional judgment." *Beard v. Banks*, 548 U.S. 521, 529-30 (2006).

Under Federal Rule of Civil Procedure 52(a)(3), a district court is not required to state factual findings or legal conclusions when ruling on a summary judgment motion. "But, a district court must explain its reasoning for granting summary judgment in enough detail for [the appellate court] to analyze whether that court applied the correct legal standard." *Bell* v. *Dall. Cnty.*, 432 F. App'x 330, 335 (5th Cir. 2011). Furthermore, a district court does not have to limit the basis for summary judgment to the facts listed in a motion for summary judgment, but may grant summary judgment on facts not briefed by the moving party if the non-moving party has notice of the issue. *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996); *see also Jones* v. *Collins*, 132 F.3d 1048, 1052 (5th Cir. 1998) (holding that a district court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, when ruling on a motion for summary judgment).

### III.    ANALYSIS

Thomas moves the Court to enter judgment as a matter of law based on the simple fact that he was not involved in Rodriguez's arrest on November 7, 2013. Thomas advises that he "was not involved in any altercation with [Rodriguez] as alleged in her Complaint. Simply put, [Rodriguez] has sued the wrong person." (Doc. 20, p. 2). Thomas attempts to bolster his position by attaching a sworn affidavit to his motion that reiterates the fact that he had no contact with Rodriguez on November 7, 2013. (Doc. 20, p. 7). Thomas adds that he was not even on-duty on that date. (Doc. 20, p. 7). Further, Thomas attaches an investigation report compiled by Texas Ranger Jeffrey Strain.[1] In his report, Ranger Strain indicated that he initiated an investigation after Rodriguez made an allegation of official oppression to him in his Midland, Texas office.

---

[1] The Texas Rangers are a criminal investigation division of the Texas Department of Public Safety.

4

(Doc. 20, p. 9). Ranger Strain advised that he gathered and reviewed evidence regarding the incident from the Howard County Sheriff's Office. (Doc. 20, p. 12). Ranger Strain wrote that his investigation revealed that Wynn, not Thomas, was working at Coahoma Elementary School on November 7, 2013. (Doc. 20, p. 13). Finally, in her motion for leave to file a second amended complaint, Rodriguez incorrectly states that her second amended complaint "adds Deputy Wynn as a Defendant and drops Deputy Marc Thomas as a Defendant." (Doc. 31, p. 1). However, a thorough review of Rodriguez's second amended complaint reveals that she does add Wynn, but she never mentions dismissing Thomas. (Doc. 28). Nevertheless, it seems clear through her motion for leave that she intended to abandon her claims against Thomas.

Thomas has demonstrated an absence of evidence to support Rodriguez's claims against him. *See Celotex*, 477 U.S. at 325. Having done so, Rodriguez was required to show a genuine dispute over material facts. *See Liquid Air Corp.*, 37 F.3d at 1075. Rodriguez fails to make such a showing and, in fact, appears to abandon all claims against Thomas. (Doc. 31, p. 1). As such, Thomas is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant Marc Thomas's Motion for Summary Judgment be **GRANTED**.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012).

        **SO ORDERED**.

    Dated March 28, 2016.


_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**