IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ELIZABETH RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 1:15-CV-181-P-BL |
| | § | |
| STAN PARKER, *et al.*, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Stan Parker's ("Parker") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed November 5, 2015. (Doc. 15). After considering this motion and the applicable law, the Court recommends that the motion be granted.

### I. BACKGROUND

Plaintiff Elizabeth Rodriguez filed suit against Defendants Marc Thomas, Stan Parker, and Howard County, Texas ("Thomas," "Parker," and "Howard County," collectively "Defendants") on September 25, 2015, pursuant to 42 U.S.C. §§ 1983 and 1985. Rodriguez claims that she sustained injuries from the excessive use of force during an "unlawful arrest" and "false imprisonment" outside of Coahoma Elementary School on or about November 7, 2013. (Doc. 28, p. 1-2). Thomas is a Howard County Sheriff's Deputy, and Parker is the Howard County Sheriff. (Doc. 1, p. 1). Rodriguez alleges that she went to the school to pick up her granddaughter, but that her granddaughter did not come out of the school at the expected time. Rodriguez claims that she entered the school to retrieve her granddaughter and upon returning to the parking area she was assaulted by Thomas. Rodriguez avers that Thomas was angry with her because he told her not to leave her car. She claims that Thomas then "slammed

her into the wall with such force that he was able to throw her to the ground as she bounced off of the wall, landing on her belly." (Doc. 1, p. 3). Rodriguez claims that Thomas handcuffed her and dragged her to his patrol vehicle where he released her and she fell on her back. She avers that Thomas placed her under arrest and into the backseat of his vehicle. Next, Rodriguez advises that Charlotte Stovall, the school principal at Coahoma Elementary School, exited the building and spoke with Thomas. Rodriguez claims that Stovall gestured for Thomas to take Rodriguez out of the patrol vehicle, which he did. Rodriguez states that Stovall told her that she could make all of this go away if she just admitted she was wrong. Rodriguez declares that she refused to admit she had done anything wrong. Rodriguez explains that Stovall then gave a "physical signal" to Thomas who began punching and kicking Rodriguez. She claims that this went on for several minutes with Stovall looking on. Rodriguez relays that she was transported to the jail and then for medical evaluation where she was told that she had suffered a closed head injury, an extremity fracture, a C-spine fracture, several strains, and a trunk contusion. (Doc. 1, p. 3-5).

On October 1, 2015, Rodriguez amended her complaint to include Defendant Charlotte Stovall. (Doc. 8, p. 1). Rodriguez alleges causes of action against Stovall under 42 U.S.C. §§ 1983 and 1985 as well. (Doc. 8, p. 7). On November 5, 2015, Parker moved to dismiss Rodriguez's claims against him under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (Doc. 15). On the next day, Stovall also moved to dismiss Rodriguez's claims against her citing the same rule as well as several immunity statutes. (Doc. 16). On November 16, 2015, Thomas moved for summary judgment regarding Rodriguez's claims against him as the arresting deputy. (Doc. 20). The gravamen of Thomas's motion is that he was not the deputy that arrested Rodriguez on the date in question. Thomas included a sworn affidavit and a Texas

2

Department of Public Safety report indicating that he had no involvement with Rodriguez on that date. (Doc. 20).

As a result, Rodriguez filed her second amended complaint on December 17, 2015, naming Howard County Deputy Matt Wynn as a defendant. (Doc. 28). Rodriguez's second amended complaint acknowledges her error in naming Thomas as a defendant and seeks to replace him with Wynn. (Doc. 28, p. 2). Rodriguez also appears to have abandoned her § 1985 claims against all parties as they do not appear in her most recent pleading. (Doc. 28). Subsequently, this Court granted Rodriguez's motion to amend her complaint to add Wynn and recommended that Thomas's motion for summary judgment be granted.[1] (Docs. 39, 40).

The Court will now consider Parker's motion to dismiss for failure to state a claim on which relief can be granted. (Docs. 15.).

## II. LEGAL STANDARD

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6). When reviewing a 12(b)(6) motion, courts are to accept "all well-pleaded facts as true and [view] those facts in the light most favorable to the plaintiffs." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014) (citation omitted). To avoid dismissal on a Rule 12(b)(6) motion, "a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] Rodriguez's original and first amended complaints listed a separate cause of action against Howard County, Texas, but Howard County was not listed in the "parties" section of those pleadings. Rodriguez's second amended complaint appears to excuse Howard County as a party because it is not listed as a party and there is no longer a separate cause of action against it. Hereafter, the Court will assume that Wynn, Parker, and Stovall are the only remaining defendants.

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, federal courts need not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). For a 12(b)(6) motion, the "court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "[The Court's] task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014).

Rodriguez's live pleading is her Second Amended Complaint. (Doc. 28). Although this amended complaint supersedes the two prior complaints, Parker's Rule 12(b)(6) motion persists and is not moot. *See Wilson v. Am. Home Assur. Co.*, No. 3:13-CV-3600-O, 2014 WL 1318384, at *1 n.1 (N.D. Tex. Apr. 2, 2014). Instead, the Court "may treat [Parker's] motion as directed to the live pleading because the defects identified in the prior complaint[s] also appear in the amended complaint." *See id.*; *see also People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007).

### III.   ANALYSIS

Parker, as sheriff of Howard County, moves the Court to dismiss all claims against him because he argues that he cannot be held liable under a theory of *respondeat superior* based on the facts pleaded by Rodriguez. (Doc. 15, p. 4). The Fifth Circuit Court of Appeals has consistently held that "[o]fficials acting in a supervisory role may only be held liable under

§ 1983 if they either (1) affirmatively participate in acts that cause a constitutional deprivation or (2) implement unconstitutional policies that causally result in the plaintiff's injury." *Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009) (citing *Mouille v. Live Oak*, 977 F.2d 924, 929 (5th Cir.1992)). Additionally, to state a plausible failure to train claim Rodriguez must allege that: "(1) [Parker] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the [Rodriguez's] rights; and (3) the failure to supervise or train amounted to deliberate indifference to [her] constitutional rights." See *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). A plaintiff can prove deliberate indifference by showing "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Id.* (quoting *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)) (internal quotation marks omitted). Otherwise, "[u]nder § 1983 . . . a government official can be held liable only for his own misconduct." *Carnaby v. City of Hous.*, 636 F.3d 183, 189 (5th Cir. 2011).

Parker contends that Rodriguez fails to plead any facts that he participated in the alleged incident or that he implemented a policy that resulted in her claimed injuries. (Doc. 15, p. 5). Moreover, Parker argues that there "are no specific averments in the pleadings as to how Sheriff Parker failed to train the deputy involved or the connection between the alleged constitutional violation and Sheriff Parker's actions or inactions." (Doc. 15, p. 5). Parker concludes that Rodriguez's complaint fails to "allege a pattern of similar violations" stemming from the alleged failure to train. (Doc. 15, p. 5). As such, Parker asks the Court to dismiss Rodriguez's claims against him for failure to state a claim that is plausible on its face.

Rodriguez responds by characterizing Parker's motion to dismiss as a "premature Motion for Summary Judgment." (Doc. 29, p. 1). Rodriguez repeatedly reminds the Court that it must accept the pleaded facts as true and she claims that she has pleaded her causes of action sufficient to survive a 12(b)(6) motion. (Doc. 29, p. 1-3).[2] First, in order to state a plausible failure to train case Rodriguez must allege that Parker failed to supervise or train Wynn. *See City of Shreveport*, 397 F.3d at 292. Rodriguez alleges that "Sheriff Parker failed to train Officer Wynn on proper, constitutionally permissible procedures for the use of force." (Doc. 28, p. 7). Next Rodriguez must show a causal link between her injuries and the alleged failure to train. *See id.* In support, Rodriguez claims that her injuries resulted from Wynn's violation of her Fourth Amendment right to be free from the use of excessive force. Rodriguez avers that this violation occurred "[b]y reason of the inadequacy of [Parker's] training program." (Doc. 28, p. 8). Finally, Rodriguez must allege that Parker's failure to train amounted to deliberate indifference to her constitutional rights. *See id.* Rodriguez claims that "in light of the duties assigned to Defendant Wynn the need for more or different training is so obvious, and the

---

[2] The Court is aware that it must accept the well-pleaded facts as true, but notes that in Rodriguez's Second Amended Complaint she includes what appears to be an unrelated paragraph possibly copied from another complaint. The paragraph reads:

> The actions of Sheriff Parker failing to institute proper training of the officers employed by the **City of Grapevine, Texas Police Department violated Ruben Garcia-Villalpando's Fourth Amendment rights against excessive force in his fatal shooting**. Specifically, Sheriff Parker failed to train Officer Wynn on proper, constitutionally permissible procedures for use of force. **The City of Grapevine provided Wynn with inadequate training on the constitutionally permissible use of force**. Sheriff Parker knew when he place Wynn on duty with a service weapon that he was inadequately trained on the constitutionally permitted use of force in the course of an arrest/detention of a potentially uncooperative suspect.

(Doc. 28, p. 7 ¶ 28) (emphasis added). Additionally, in her First Amended Complaint, Rodriguez writes, "**Sheriff Stan Parker further violated Plaintiff's 14th Amendment due process rights to life and bodily integrity by failing to adequately train or by inadequately training his officer to render medical care to shooting victims in their custody**." (Doc. 8, p. 7). Other that these seemingly misplaced claims, Rodriguez does not make any allegations involving fatal shootings or the City of Grapevine Police Department. As such, the Court will disregard these references.

6

inadequacy so likely to result in the violation of constitutional rights, that Sheriff Parker can reasonably be said to have been deliberately indifferent to the need." (Doc. 28. p. 7). Rodriguez elaborates that Parker knew that Wynn would often be tasked with arresting or detaining "potentially uncooperative suspects at all times he was on duty for the sheriff's office." (Doc. 28, p. 7).

While Rodriguez attempts to plead a plausible failure to train claim, she inexcusably omitted a vital part of the elements listed in *City of Shreveport*. First, "for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *City of Shreveport*, 397 F.3d at 293. Rodriguez makes only bare, conclusory allegations that Parker failed to train Wynn in the use of force and she make no attempt to specify how Wynn might have been trained differently. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). Also, Rodriguez can prove deliberate indifference by showing "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *See City of Shreveport*, 397 F.3d at 292. But, Rodriguez failed to demonstrate "at least a pattern of similar violations arising" from the alleged inadequate training. *See id.* Instead, Rodriguez alleged only the latter part of the deliberate indifference standard regarding "training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *See id.* Rodriguez's second amended complaint—as well as her first two complaints—are completely devoid of allegations or facts regarding a pattern of similar violations, not only by Wynn but by any Howard County employees. (Doc. 1, 8, 28).

As discussed, a Rule 12(b)(6) inquiry is limited to the face of the complaint and attached or incorporated documents. Here, the failure to train allegations against Parker are conclusory and formulaic, and, as pleaded, do not present enough facts "to state a claim to relief that is plausible on its face." *See Gentilello v. Rege*, 627 F.3d at 544. As such, Parker cannot be liable under a *respondeat superior* theory, but can only be held responsible for his own conduct.[3] *See Carnaby*, 636 F.3d at 189. Also, the Court will not address Rodriguez's earlier conspiracy allegations as she appears to have abandoned them in her second amended complaint. Accordingly, the Court recommends that the all remaining claims against Parker be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant Stan Parker's Motion to Dismiss be **GRANTED**.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

---

[3] Rodriguez does not allege that Parker was personally involved in the incident at the school. (Doc. 28).

1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012).

**SO ORDERED**.

Dated April 8, 2016.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**