IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ELIZABETH RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-0181-BL |
| | ) | |
| MATT WYNN,[1] | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Withdraw as Counsel (doc. 49) filed by counsel for Plaintiff. Counsel contend that irreconcilable conflicts between counsel and client provide good cause for withdrawal. The attorneys have delivered a copy of the motion to their client. Via email and certified and regular mail, they have also notified her of all proposed settings in this case and of her right to object to the motion. Defense counsel does not oppose the motion. For the reasons that follow, the Court denies the motion without prejudice to refiling a similar motion that complies with this order and the local rules of this Court.

### I. LEGAL STANDARD

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The attorney seeking to withdraw has the burden to show good cause and unsubstantiated claims are generally insufficient to carry that burden. *See Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *1 (N.D. Tex. Oct. 2, 2013). Whether to permit counsel to withdraw lies within the

---

[1] Because the Court has dismissed all other defendants from this action, it lists Defendant Matt Wynn as the lone remaining defendant.

Court's sound discretion. *In re Wynn*, 889 F.2d at 644. For the courts to properly exercise such discretion, the movant must provide reasons for the requested withdrawal. *Denton*, 2013 WL 5477155, at *1.

When determining whether good cause exists, the Northern District of Texas relies on "Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct," which the District has adopted through N.D. Tex. L.R. 83.8(e). *Am. Res. Techs., Inc. v. Oden*, No. 3:13-CV- 4419-B, 2014 WL 6884243, at *1 (N.D. Tex. Dec. 8, 2014). Rule 1.15(b) prohibits attorneys from withdrawing from representation unless:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

When the moving attorney has not persuaded the Court that good cause exists for permitting withdrawal, the Court "has substantial latitude to deny" withdrawal. *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010). A court may

properly deny withdrawal when there is no demonstrated conflict of interest or irreconcilable conflict between counsel and client. *Denton*, 2013 WL 5477155, at *1.

Even when good cause exists, the Court must "assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981). This typically requires consideration of additional factors, including:

> (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take – and the financial burden it would impose on – the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice.

*White*, 2010 WL 2473833, at *3. "Chief among these factors are 'undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Am. Res. Techs., Inc.*, 2014 WL 6884243, at *1 (quoting *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept.29, 2008)).

Furthermore, an attorney moving to withdraw must comply with N.D. Tex. L.R. 83.12. *See id.* Local Rule 83.12(a) provides that, except for Assistant United States Attorneys and Federal Public Defenders, attorneys

> desiring to withdraw in any case must file a motion to withdraw. This motion must, in addition to the matters required by LR 7.1, specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

## II. ANALYSIS

Counsel have filed a motion that complies with N.D. Tex. L.R. 7.1; specifies a reason for

allowing withdrawal; and provides the name, address, and telephone number of the client, but the filing neither bears the client's signature approving withdrawal nor states why the attorney was unable to obtain the client's signature after due diligence. That failure alone warrants denying the motion. *See White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 1903989, at *1 (N.D. Tex. May 11, 2010).

In this instance, furthermore, counsel have not demonstrated good cause for withdrawing. They have merely stated in conclusory terms that good cause exists "because of irreconcilable conflicts between counsel and client." Such conclusory statement does not carry counsel's burden. *See White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (finding that "a conclusory, unsworn, single-sentence assertion" is insufficient to permit counsel to withdraw over an objection by the client). Although it is uncertain at this point whether Plaintiff will object to the withdrawal, the Court need not wait for such objection when counsel has failed to comply with N.D. Tex. L.R. 83.12(a). Movants have the burden to show good cause.

Because counsel have failed to comply with N.D. Tex. L.R. 83.12(a) and have not shown good cause to permit them to withdraw, the Court has no need to consider whether withdrawal of counsel will disrupt the prosecution of this case. The Court, nevertheless, finds that movants have provided insufficient information to assure that the prosecution of this case will not be disrupted by their withdrawal. While they state that they have notified Plaintiff of all proposed settings in this case, they do not identify any setting other than to state that trial has not yet been set. Defendant, moreover, filed a motion for summary judgment (doc. 50) just a few hours after counsel moved to withdraw. Based on the sparse information in the motion to withdraw, it is uncertain whether

counsel knew of the soon-to-be-filed motion for summary judgment. If counsel knew of that forthcoming motion, they had a duty to inform their client of her options and responsibilities on the motion. Even if counsel did not know of the motion for summary judgment when they moved to withdraw, permitting withdrawal following that filing may certainly disrupt the prosecution of the case in the absence of sufficient notice to the client about her responsibilities on the pending motion. The Court may appropriately factor that into whether to permit an attorney to withdraw.

### III. CONCLUSION

After reviewing the motion and applicable law, the Court **DENIES** the Motion to Withdraw as Counsel (doc. 49) without prejudice to counsel filing a similar motion that complies with this order and the local rules of this Court.

**IT IS SO ORDERED** this 9th day of August, 2016.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

5